IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                 Civ. No. 10-0181 MCA/RLP
                                                CR. No. 09-3231 MCA

JULIO ALBERTO CHINCHIA-MERLO,

    Defendant/Movant.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2255. Defendant pleaded guilty to a one-count information charging him with re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b). He signed a Fast Track Plea Agreement and was ultimately sentenced to 33 months' imprisonment.

    2.    Defendant alleges that he received ineffective assistance of counsel because he was told by his attorney that he would only receive a 20 month term of imprisonment. He also alleges that the additional time served, based on a prior felony, was "unnecessary."

    3.    Defendant executed a "Fast Track Plea Agreement" (the Agreement) [Cr. Doc. 17]. Concerning sentencing, the Agreement states that "the parties agree that the Court must impose a sentence within the guideline range as determined by the Court." Agreement, ¶ 5. The Agreement further provides that "the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

the issue of ineffective assistance of counsel." *Id.* at ¶ 12.  Finally, the Agreement states that the "Defendant agrees and represents that there have been no representations or promises from anyone as to what sentence the Court will impose." *Id.* at ¶ 16.  Defendant noted that he understood and voluntarily signed the Agreement.  *Id.* at page 7.

    4.    To establish ineffective assistance of counsel, Defendant must show both "that counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance resulted in prejudice.'" *United States v. Landsaw*, 206 Fed.Appx. 773, 775 (10th Cir. 2006) (unpublished opinion) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984)).  "To show prejudice in the guilty plea context, [Defendant] must establish that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty."  *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

    5.    As for deficient performance, "'[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'"  *Id.* (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)).

    6.    As for prejudice, Defendant does not raise the argument that had he known he could have received a sentence of 33 months he would have proceeded to trial. Moreover, his Sentencing Guideline range was 33 to 41 months and he was sentenced at the lower end, making it unreasonable to assume he would have preferred a trial.

    7.    As for his claim that the enhancement of his 15-year-old felony charge was "unnecessary," he waived raising arguments about sentencing in the Agreement and these waivers are generally enforceable.  *See United States v. Carver*, 349 Fed.Appx. 290, 293 (10th Cir. 2009) (unpublished opinion) (citing *United States v. Cockerham*, 237 F.3d 1179,

1181 (10th Cir. 2001). Defendant does not raise this issue in conjunction with his ineffective assistance of counsel claim, nor does he claim that his plea was involuntary, and he does not allege that the Court misapplied the Sentencing Guidelines. His argument seems to rest on the fact that the offense occurred 15 years ago. As the Government points out, the age of the conviction is not relevant for enhancements. <u>Response</u> [Doc. 11] at 19 (citing USSG § 2L1.2 app.n. 1(B)(vii) and *United States v. Torres-Duenas*, 461 F.3d 1178, 1182 (10thCir. 2006). Accordingly, Defendant's Motion should be denied.

8. Based on the foregoing, Defendant's Motion for Appointment of Counsel [Doc. 8] should be denied.

<u>Recommended Disposition</u>

I recommend that Defendant's Motion for Appointment of Counsel [Doc. 8] be denied, and I recommend that his Motion to Vacate, Set Aside, or correct a Sentence be denied and this case be dismissed with prejudice.

                                          Richard L. Puglisi
                                          Chief United States Magistrate Judge